UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  vs.<br><br>JOSE ENRIQUE HERNANDEZ,<br><br>        Defendant. | CASE NO. 12cr0250-LAB<br><br>**ORDER GRANTING MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582** |

  On September 27, 2012, Jose Enrique Hernandez was convicted of importing more than 5 kilograms of cocaine in violation of 21 U.S.C. §§ 952 and 960. The statute called for a 10-year mandatory minimum, but the government filed a Notice of Intent to Seek an Enhanced Penalty under 21 U.S.C. § 851 on account of Hernandez's 2009 conviction of importation of marijuana in violation of 21 U.S.C. §§ 952 and 960, for which he was sentenced to 12 months and a day. That filing triggered an enhanced mandatory minimum sentence under 21 U.S.C. § 841 based on prior "felony drug offenses," defined as any drug offense "that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country." 21 U.S.C. § 802(44). Pursuant to § 841(b)(1)(A), his prior conviction resulted in a mandatory minimum of 20 years. Bound by the enhanced mandatory

minimum sentence, the Court sentenced Hernandez to 240 months of custody followed by 10 years of supervised release.

At Hernandez's sentencing hearing, the Court explained that it "wouldn't impose this long a sentence if it was just discretionary given the type of narcotic involved." (Dkt. 66 at 12:14–20). Acknowledging that the purity of the drugs imported by Hernandez was "very, very low," (*id*. at 12:25), and even considering that he had been previously convicted of drug smuggling, the Court nonetheless expressed the view that "20 years is probably a lot, everything considered," (*id*. 13:3–4). The Court stated:

> If I had discretion, I would exercise it here and impose a sentence lower than 240 months . . . . The range is 155 to 188. If it was a matter within my discretion, . . . I would probably ratchet that down to 10 years, to 120 months, given the purity in the case. And the other convictions, one from '96 and one from 2000, they're of the same kind and nature, I suppose, which is aggravated, but they're older. But all of that's hypothetical. I'll tell you that for the record to the extent you can successfully challenge the mandatory minimum statute. But I find that I'm bound to impose the required sentence under the statute because the government has properly filed a notice.

(*Id*. 15:4–14).

Notably, after Hernandez's sentencing in 2012, Congress passed the First Step Act of 2018 ("FSA"), which limited mandatory minimum enhancements based on prior drug convictions. Specifically, for convictions under § 841(b)(1)(A), the enhanced mandatory minimum based on one prior conviction was reduced from 20 years to 15 years, and the enhanced mandatory minimum based on two or more prior convictions was reduced from life to 25 years. In addition, the FSA limited the type and seriousness of prior drug convictions that trigger mandatory minimum sentences. Before the FSA, enhanced mandatory minimums were triggered if a defendant had been

convicted of a "felony drug offense," which meant *any* drug offense under federal, state, or foreign law punishable by more than one year. 21 U.S.C. § 802(44).  After the FSA, to be subject to an enhanced mandatory minimum sentence, a defendant must have previously been convicted of one or more "serious drug felon[ies]," 21 U.S.C. § 802(57), which include only those offenses that carry a maximum term of ten years or more. 21 U.S.C. § 841(b)(1)(A).

Hernandez's predicate 2009 offense involved less than 50 kilograms of marijuana, the statutory maximum penalty for which was 5 years' custody. (Dkt. 84 at 5 n.1); *see* 21 U.S.C. § 841(b)(1)(D). Were he to be sentenced today under the amended statute, his 2009 marijuana conviction would not qualify as a predicate felony and would not trigger an enhanced minimum mandatory sentence under 21 U.S.C. § 851. Instead, his statutory minimum mandatory term of imprisonment would be 120 months. To date, Hernandez has served over 132 months of his original sentence and he is projected to be released from Bureau of Prisons ("BOP") custody on February 24, 2029.[1]

Under 18 U.S.C. § 3582(c)(1)(A), a court may modify a defendant's term of imprisonment if it concludes that "extraordinary and compelling reasons" warrant a reduction after considering factors set forth in 18 U.S.C. § 3553(a). Hernandez argues that the subsequent change in law and the Court's statements during sentencing that a lower sentence was warranted supply sufficient reason to now reduce his sentence to time served. (Dkt. 77).  The Government initially opposed Hernandez's request, (Dkt. 80), but subsequently changed course and filed a Notice of Non-Opposition to the

---

[1] The Court notes that Hernandez was transferred to home confinement at Long Beach RRM pursuant to the BOP's COVID-19 response as to certain low-risk inmates.

motion, acknowledging both the change in law and the progress Hernandez has made toward rehabilitation. (Dkt. 84).

Any reduction in a defendant's sentence must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The Sentencing Commission has issued a policy statement interpreting what a court may deem "extraordinary and compelling reasons" when considering a "motion of the Director of the Bureau of Prisons under [§ 3582(c)(1)(A)]." U.S.S.G. § 1B1.13(1)(A). In *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) the Ninth Circuit determined that the policy statement empowers a district court to consider *any* extraordinary and compelling reason for release that a defendant might raise. This means the Court can properly consider both the change in the law and the defendant's rehabilitative progress. *See United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022) ("[D]istrict courts may consider non-retroactive changes in sentencing law, in combination with other factors particular to the individual defendant, when analyzing extraordinary and compelling reasons for purposes of § 3582(c)(1)(A)."). The Court finds that both factors support Hernandez's motion.

But this finding doesn't end the inquiry. The Court must also consider whether a reduction of sentence is reasonable and warranted considering the sentencing factors set forth in 18 U.S.C. § 3553(a). Having reconsidered those factors, the Court concludes that reducing Hernandez's sentence is reasonable and is warranted. From the outset, the Court believed that sentencing Hernandez to 20-year in custody was too harsh. That sentiment hasn't changed with the passage of time. Additionally, Hernandez has demonstrated good behavior while incarcerated such that the BOP has classified him as "low" risk for both security and recidivism. (Dkt. 84 at 5). While in custody, he has worked to rehabilitate himself by pursuing vocational and educational courses (*See* Dkt. 77-1, Ex. D, E). He successfully completed the Freedom from Drug

Education Program (*id*.), and BOP records demonstrate there is no reason to believe that Hernandez poses any risk to the community. Considering all of this, the Court finds that approximately 132 months that Hernandez now served adequately reflects the seriousness of his offense, promotes respect for the law, provides just punishment, and affords general and specific deterrence.

Hernandez's motion for early release is **GRANTED**. The Court **ORDERS** that Hernandez's sentence be reduced to **time served**. His previously ordered supervised release term of ten years is reduced to five years. All conditions of supervised release originally imposed remain unchanged, except the condition that Hernandez "reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period up to 180 days," which the Court strikes. (Dkt. 54). His term of supervised release shall begin upon his release, which the Court authorizes to occur forthwith.

**IT IS SO ORDERED**.

Dated: December 23, 2022

*Larry A. Burns*

**HON. LARRY ALAN BURNS**
United States District Judge